**Edward MORRISSEY, Plaintiff,**

v.

**John T. MURPHY, Defendant.**

**Civ. A. No. 5027.**

United States District Court
E. D. Wisconsin.

Feb. 1, 1956.

Rieser, Mathys, McNamara & Stafford, Madison, Wis., for plaintiff.

Edward G. Minor, U. S. Atty., Howard W. Hilgendorf, Asst. U. S. Atty., Milwaukee, Wis., for defendant.

TEHAN, Chief Judge.

Plaintiff commenced this action on March 27, 1950, alleging that he was injured on September 6, 1946, when he tripped over a rope which had been placed across the driveway leading to the rear entrance of the Post Office at Delavan, Wisconsin. Defendant, who was then serving as Postmaster in Delavan, is sued here in his individual capacity for negligence in placing the rope across the driveway.

Defendant has moved for summary judgment dismissing the action for lack of compliance with Section 330.19(5), Wisconsin Statutes, which provides in material part:

"330.19 Within six years; foreign limitation; notices of injury. Within six years: * * *

"(5) * * * No action to recover damages for an injury to the person shall be maintained unless, within two years after the happening of the event causing such damages, notice in writing, signed by the party damaged, his agent or attorney, shall be served upon the person or corporation by whom it is claimed such damage was caused, stating the time and place where such damage occurred, a brief description of the injuries, the manner in which they were received and the grounds upon which claim is made and that satisfaction thereof is claimed of such person or corporation. Such notice shall be given in the manner required for the service of summons in courts of record. No such notice shall be deemed insufficient or invalid solely because of any inaccuracy or failure therein in stating the description of the injuries, the manner in which they were received or the grounds on which the claim is made, provided it shall ap-

pear that there was no intention on the part of the person giving the notice to mislead the other party and that such party was not in fact misled thereby; provided, that the provision herein requiring notice of two years shall not apply to any event causing damage which happened before the passage and publication of this act. When an action shall be brought and a complaint actually served within two years after the happening of the event causing such damages, the notice herein provided for need not be served."

Section 262.07 of the Wisconsin Statutes provides "who may serve summons" as follows:

"262.07 Who may serve summons. The summons, together with the complaint or the notice aforesaid, may be served by the sheriff of the county where the defendant may be found or by any other person not a party to the action. The service shall be made and the summons, with the complaint or notice accompanying, if any, with proof of the service, returned to the person whose name is subscribed thereto with reasonable diligence. The person subscribing the summons may, at his option, by an indorsement thereon, fix a time for the service thereof, and the service shall then be made accordingly."

Plaintiff not having commenced this action until more than two years after the accident had to affirmatively allege in his complaint the giving of notice of injury provided for in Section 330.19(5), 1952 Wis.L.Rev. pages 105, 115, Hoffmann v. Milwaukee Electric R. & L. Co., 1906, 127 Wis. 76, 106 N.W. 808, and he did so in the following language:

"6. Prior to the expiration of two years from the time of his injury he served notice in writing upon the said defendant, signed by plaintiff, stating the time and place where said injuries and damage occurred, a brief description of the injuries as they were known at said time, the manner in which they were received, and the grounds upon which claim was made of the liability of the defendant, and that satisfaction thereof was claimed against said defendant. Said notice was given in the manner required for the service of a summons in court of record. * * * *"

The defendant by affidavit categorically denied that he ever received any notice of injury whatsoever prior to the commencement of the action. If there were nothing more before the court, defendant's motion would have to be dismissed since the existence of a genuine issue of material fact is unquestionably established.

The defendant, however, caused written and oral interrogatories to be put to the plaintiff on the matter of the time, place and manner of the alleged service of the notice of injury.

In these respects, plaintiff's answers to the written interrogatories, which are on file and before us on this motion, reveal the following:

"Q. 13. State where and when and by whom the notice in writing referred to in paragraph 6 of your Complaint was served upon the defendant. A. I served the notice in writing referred to in paragraph 6 of my complaint upon the defendant John T. Murphy at the post office in Delavan, Wisconsin on or about the 22nd day of April, 1947.

"Q. 14. If such notice was personally served upon the defendant, state whether or not you have an affidavit of service from the person who served the notice. A. 14. No, I do not have an affidavit of service from the person who served the notice since I served it myself."

In a deposition taken some time later he reiterated his statement that he personally served the notice of injury upon defendant, and still later by affidavit interposed in opposition to defendant's mo-

tion for summary judgment he has averred to the same effect.

It is the defendant's preliminary position that these three sworn statements by the plaintiff that he personally served the notice of injury upon the defendant Murphy, provide the only factual basis as to the manner of service of the notice by the plaintiff and must be held to pierce and supplement the conclusory allegation of the complaint, that "said notice was given in the manner required for the service of a summons in court of record."

We find no difficulty in agreeing with defendant in this respect. So frequently and categorically has the plaintiff stated that he himself made the service of the notice that it admits of no possible genuine issue of material fact on this particular point.

The complaint may therefore be treated as if the plaintiff had originally pleaded that he himself had served this notice of injury.

■ Under this established and uncontrovertible state of facts in respect to service of notice, the defendant now poses the following proposition of law: In an action in which compliance with the notice statute must be affirmatively pleaded, where the plaintiff who is a party to the action, serves the notice of injury himself, valid and sufficient service under the notice statute has not been made, and the case must be dismissed.

We have carefully studied the statutes involved and the cases interpreting them and are compelled to agree with the defendant that he is entitled to summary judgment dismissing the complaint on its merits.

In respect to the manner of making service of notice of injury, Section 330.19(5) provides: "Such notice shall be given in the manner required for the service of summons in courts of record." Section 262.07, the Wisconsin statute dealing with the service of a summons in a court of record provides: "The summons, * * * may be served by the sheriff of the county where the defendant may be found or by any other person *not a party to the action.*" (Italics ours.)

It is difficult to see how the Wisconsin Legislature could more clearly express its adherence to the principle, rooted in the common law, that a party to an action is not eligible to make and should be disqualified from making service of process in his own favor. And just as clear as the language of the statute disqualifying parties to the suit from making service of process is the reason for the rule and the public policy sought to be established thereby. To place parties to an action who stand to gain or to lose thereby, in a position to create an issue involving process would needlessly and substantially increase the burdens of the courts. It is difficult to conceive of a greater opportunity for mischief than to allow interested litigants to be uninhibited from averring that they have made service in their own behalf.

The Supreme Court of the State of North Dakota, in the case of Froling v. Farrar, 77 N.D. 639, 44 N.W.2d 763, 765, had before it for construction a statute identical in material respects to the Wisconsin statute as appears from the following language: " 'The summons may be served by the sheriff of the county where the person to be served may be found, or by any other person not a party to the action.' " In that case, the North Dakota court extended the exclusionary provision of the statute farther than we are called upon to do. There, plaintiff's husband, with whom she was jointly conducting a collection agency, made the service of process. The trial court rejected the contention of the defendant that the husband's demonstrated interest in the fruits of the law suit made him a joinable party and hence one of the class disqualified from making service of process. In reversing the trial court which held that the word "party" as used in the statute was used in its technical sense and therefore one not strictly a party to the record is competent to serve the summons

in a civil action, the court stated: 44 N.W.2d at page 765.

"We do not so construe the statute. To do so is to hold contrary to the general principle of the law that a person may not execute process in his own favor, and the reasons on which that principle is grounded. See 42 Am.Jur., Process, Section 25, Page 25 et seq., where it is said: 'as a general rule, the law does not authorize a person to execute process in his own favor. To permit such a course of practice would lead to great oppression, wrong, and irregularity. The law has wisely intrusted the decision of disputes between citizens to persons wholly disinterested and free from bias and the acrimony of feeling so frequently, if not uniformly, engendered by litigation; and the same is equally true of the persons selected to execute the process necessary to the adjustment of such disputes.' See also 50 C.J., Process, Section 67, Page 473, where the text reads: 'It is a general principle of law that a person cannot serve process in his own action;' Among the cases cited as supporting this statement is People ex rel. v. Feicke, 252 Ill. 414, 96 N.E. 1052, 1053, where the court says: 'The law is well established that a party to a suit cannot serve his own writ. * * * The reason for this rule is that the party serving process should be a wholly disinterested person. * * * If such a practice were sanctioned, there would be great danger of abuse and inducement to the person making the service to make a false return, and thereby put himself in a position to obtain judgment by default, or some other undue advantage over the opposite party, who would, perhaps, not know anything of the proceeding until after judgment had been rendered against him. The courts have therefore generally adhered, with great propriety and justice, to the rule that in no case can a person be both officer and party in the same proceeding.' "

We hold that the reasoning and authority of Froling v. Farrar governs this case.

■ We hold further that the prohibited act is one which by its very nature does not lend itself to any test of substantial compliance such as the plaintiff here seeks. A number of cases have applied the test of substantial compliance to the question of whether the information contained on the face of the notice was sufficient to fulfill the statutory requirements, and in fact the statute itself invites such a test. However, with respect to the statutory prohibition against a person executing process in his own favor, there is no intermediate point. The actual and potential evils described in the Froling case arise the moment the manner of service brings into question any act of the plaintiff.

The principal case dealing with the application of the test of substantial compliance to the manner of service of the notice of injury is Trapino v. Trapino, 260 Wis. 137, 50 N.W.2d 467. Within the two year period, a notice of claim for injury was served personally on the defendant at his home in Missouri by a deputy sheriff of Missouri. The defendant contended that the notice of injury so served was ineffective because the Wisconsin statutes did not authorize personal service outside the state. The Court held, however, that this method of service constituted sufficient compliance with Section 330.19(5) so as to entitle the plaintiff to maintain the action.

We are thoroughly in agreement with the reasoning of the Court in the Trapino case. The service made in that case was in fact better in degree than service by publication or mail.

Personal service, service by publication, and service by mail, are all methods of making service of process, recognized and approved by the statutes of the State of Wisconsin in certain prescribed instances, and clearly the employment of any one of them is not *per se* inconsistent

with any express public policy of this state. We would not hesitate to apply the test of substantial compliance where one of these statutory methods was used in a situation where the statute had specifically provided for the use of one of the other two. In the instant case, however, we are not dealing with an approved method of service but one that has been specifically and unequivocally prohibited by the unmistakable language of the statute. To give any effect to such prohibited type of service would destroy the public policy sought to be established.

The motion of the defendant for summary judgment dismissing the complaint must therefore be granted.