[No. 20303-7-I.   Division One.   June 13, 1988.]

DON CROUCH, *Appellant,* v. ROBERT S. FRIEDMAN, *Respondent.*†

*Don Crouch,* pro se.

*David Lycette, Thomas W. Top,* and *Lane, Powell, Moss & Miller,* for respondent.

SCHOLFIELD, C.J.—Don Crouch, an attorney, appeals the dismissal of his malpractice complaint against attorney Robert S. Friedman. We affirm.

---

†This opinion was reported in the advance sheets of the Washington Appellate Reports as *Crouch v. Boundy.* The caption was changed by order of the Court of Appeals dated September 27, 1988.

## FACTS

On July 26, 1984, Crouch filed a complaint for legal malpractice against Friedman arising out of Friedman's representation of Crouch in Kramis v. Crouch, King County Superior Court cause 82–2–03712–5, from approximately March 1982 until August 1982, when Friedman withdrew. Thereafter, Crouch was represented by Shidler, McBroom & Gates until they withdrew effective September 16, 1983.

Kramis v. Crouch involved a loan of $25,000 from Crouch to Kramis at an interest rate of 2.25 percent per month. By order of July 29, 1982, the trial court determined that the Kramis note was usurious as a matter of law and was a per se violation of the Washington Consumer Protection Act. Thereafter, this action in malpractice was filed by Crouch, alleging that Friedman failed to assert a meritorious defense to the Kramis lawsuit based on RCW 19.52.032.

On August 7, 1984, Crouch went to Friedman's office and served Friedman with two copies of the summons and complaint. Crouch requested acknowledgment of a copy, which was then placed on Crouch's file copies.

Friedman in his affidavit stated that Crouch had given him a copy of the complaint. Friedman also asserted in his affidavit that he made no comment regarding acceptance of service or any statement that could be construed as waiver of process. On August 28, 1984, Friedman filed a notice of appearance. On October 3, 1984, Friedman filed an answer in which he alleged that there had been an insufficiency of service of process and that Crouch's claim was barred by the statute of limitations. Friedman was served with a summons and complaint by a legal messenger service, a nonparty, on September 6, 1985.

On March 19, 1987, Friedman filed a motion for summary judgment of dismissal on two grounds: (1) the attempted service of process by Crouch, a party, in August 1984 did not constitute valid service under CR 4(c), and the statute of limitations ran before effective service was made; and (2) no negligent act of Friedman proximately caused any damages to Crouch. On April 3, 1987, the trial court

entered an order of summary judgment based upon the first ground stated above. This appeal timely followed.

## SERVICE BY A PARTY

We first conclude that service by a party is not valid service. CR 4(c) reads in part as follows:

(c) **By Whom Served.** Service of summons and process, except when service is by publication, shall be by the sheriff of the county wherein the service is made, or by his deputy, or by any person over 18 years of age who is competent to be a witness in the action, other than a party.

Although no Washington case directly addresses the issue at bar, our State has long required service of process to be made by a person other than a plaintiff. *Columbia Vly. Credit Exch. v. Lampson,* 12 Wn. App. 952, 955, 533 P.2d 152 (1975). This requirement is consistent with the general principle of law that a person may not execute process in his own favor. *See* 62 Am. Jur. 2d *Process* § 32 (1972), which states:

[A]s a general rule the law does not authorize a person to execute process in his own favor. To permit such a course of practice would lead to great oppression, wrong, and irregularity. The law has wisely entrusted the decision of disputes between citizens to persons wholly disinterested and free from bias and the acrimony of feeling so frequently, if not uniformly, engendered by litigation; and the same is equally true of the persons selected to execute the process necessary to the adjustment of such disputes.

*See also* 72 C.J.S. *Process* § 37, at 619 (1987), which reads, "It is a general principle of law that a person cannot serve process in his own action."

In *Morrissey v. Murphy,* 137 F. Supp. 377 (E.D. Wis. 1956), the court had before it for construction a statute which, like CR 4(c), provided that the summons may be served by any person not a party to the action. Wis. Stat. § 262.07. The court ruled that no valid service could be made by the plaintiff himself. *Morrissey v. Murphy, supra* at 380. The court in *Morrissey* reasoned that it was difficult to see

how the legislature could more clearly express its adherence to the principle, rooted in common law, that a party to an action is not eligible to make service of process in his own favor. The court went on to say that the reason for the rule disqualifying parties to the suit from making service of process is that to place parties in an action who stand to gain or lose thereby in a position to create an issue involving process would needlessly and substantially increase the burdens of the courts. "It is difficult to conceive of a greater opportunity for mischief than to allow interested litigants to be uninhibited from averring that they have made service in their own behalf." *Morrissey v. Murphy, supra* at 379.

Crouch argues the thrust of the rule is to ensure notice of a pending action and suggests that we waive the provision of the court rules prohibiting personal service by a party. Although a court has the inherent power to waive the rules for service of process, *Ashley v. Superior Court,* 83 Wn.2d 630, 636–37, 521 P.2d 711 (1974), in the present case, the trial court interpreted CR 4(c) in accordance with its plain meaning in requiring that service be performed by a nonparty. No injustice has occurred which would warrant disturbing the trial court's decision.

Finally, in the present case, we are not dealing with an approved method of service which would lend itself to a test of substantial compliance. *See Thayer v. Edmonds,* 8 Wn. App. 36, 39, 503 P.2d 1110 (1972). Rather, service by a party has been specifically prohibited by the language of CR 4(c), and to give any effect to such service would destroy the public policy sought to be established. *See Morrissey v. Murphy, supra* at 380–81.

Accordingly, we find that the attempted service by Crouch was invalid.

## Voluntary Appearance

Crouch next argues that although Friedman's voluntary appearance by counsel alone would not preclude his right to challenge jurisdiction by alleging insufficiency of process, he

went far beyond a special appearance by failing to move for a dismissal as required by CR 12(h)(1), and by filing an answer and proceeding with discovery, and therefore waived his right to challenge jurisdiction.

The notice of appearance entered by Friedman did not preclude him from challenging the service of process. CR 4(d)(5); *Adkinson v. Digby, Inc.,* 99 Wn.2d 206, 209–10, 660 P.2d 756 (1983). Friedman also properly preserved the defense by affirmatively pleading it in his answer in accordance with CR 12(h)(1)(B). Furthermore, the fact that Friedman proceeded with discovery does not preclude him from asserting that service of process was insufficient because it is by way of discovery that a party determines whether a particular defense is available.

Accordingly, we find that Crouch's assertion that Friedman waived his entitlement to the defense of insufficient service of process is without merit.

## STATUTE OF LIMITATIONS

Finally, Crouch argues that there exists a material issue of fact as to whether the subsequent service by a nonparty occurred within the period of the statute of limitations. The statute of limitations for an attorney malpractice action is 3 years. *Matthies v. Knodel,* 19 Wn. App. 1, 3, 573 P.2d 1332 (1977); RCW 4.16.080(3). The statute of limitations for legal malpractice should not start to run until the client discovers, or in the exercise of reasonable diligence should have discovered, the facts which give rise to his or her cause of action. *Peters v. Simmons,* 87 Wn.2d 400, 406, 552 P.2d 1053 (1976).

On review of a summary judgment, the appellate court places itself in the position of the trial court and, considering the evidence in the light most favorable to the nonmoving party, must assess whether "the pleadings, depositions . . . and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as

a matter of law.'" *Del Guzzi Constr. Co. v. Global Northwest Ltd.,* 105 Wn.2d 878, 882, 719 P.2d 120 (1986) (quoting CR 56(c)).

The factual issue of when Crouch discovered or should have discovered the facts which gave rise to his cause of action for malpractice was never presented to the trial court. Friedman stated in his affidavit in support of his motion for summary judgment that he had not been served with process during the applicable statute of limitations. This assertion was not contradicted in the materials filed by Crouch up to the time that the summary judgment was heard by the trial court.

In his reply brief in this court, Crouch for the first time makes the assertion that he did not know that Friedman had failed to plead a particular statute until long after the omission occurred. If we use the latter date to start the running of the statutory period, then his valid service accomplished on September 6, 1985, would have been within the 3–year period. However, an issue which was not presented to the trial court cannot be raised for the first time on appeal. *Smith v. Shannon,* 100 Wn.2d 26, 666 P.2d 351 (1983). Friedman's affidavit being uncontradicted, there was simply no issue before the trial court as to whether or not the 3–year statute had run prior to the valid service on September 6.

Accordingly, the decision of the trial court is affirmed.

GROSSE and WEBSTER, JJ., concur.