[No. 36893-1-I. Division One. June 9, 1997.]

VOICELINK DATA SERVICES, INC., *Appellant*, v. DATAPULSE, INC., *Respondent*.

---

614

*Dean G. Von Kallenbach* and *Camp Von Kallenbach, Ltd.*, for appellant.

*Aaron S. Okrent, Craig S. Sternberg*, and *Sternberg Thomson & Okrent*, for respondent.

ARMSTRONG, J.* — At issue in this appeal is the trial court's dismissal of plaintiff's case, one month before trial, under CR 12(b)(2) and 12(b)(3). The dismissal was based upon a contractual forum selection clause that specifies Nevada courts as the proper forum for litigation. We affirm the dismissal.

---

*Judge Sharon S. Armstrong is serving as a judge pro tempore of the Court of Appeals pursuant to RCW 2.06.150.

In 1991, Voicelink Data Services, Inc., a Washington corporation, entered into a contract with Datapulse, Inc., a New Jersey corporation. Under the contract, Datapulse provided Voicelink with a magnetic tape containing names, telephone numbers, and other personal information about consumers. Voicelink conducted interviews with these individuals regarding their smoking habits and compiled the information into a database. As of November 1992, Voicelink claimed Datapulse owed it over $150,000 for this work. Voicelink commenced this action in King County Superior Court to collect the outstanding debt.

Datapulse filed a special notice of appearance in the lawsuit and later filed its Answer, Affirmative Defenses and Counterclaim. In its answer, Datapulse sought dismissal because of lack of jurisdiction and improper venue, asserting that the contract between the parties contained a forum selection clause that required the parties to bring all actions on the contract in Nevada. Datapulse also asserted a counterclaim for damages. Both parties conducted discovery on the substantive claims.

One month before trial, Datapulse moved to dismiss the case under CR 12(b)(2) and (3) for lack of personal jurisdiction and improper venue solely on the basis of the forum selection clause. In connection with the motion, neither party submitted evidence about negotiations of the parties' agreement, the reason for a Nevada forum selection clause, the parties' contacts with either Washington or Nevada, the location of the work, or the convenience of the parties or witnesses. The trial court granted the motion to dismiss, finding that the forum selection clause was valid and enforceable and Voicelink had "not made the requisite showing why the choice of forum clause should not be enforced."

We hold that (1) a CR 12(b)(3) motion to dismiss for lack of venue may be brought to enforce a forum selection clause; (2) the defendant did not waive its CR 12(b)(3) defense by engaging in substantive discovery, moving to strike discovery depositions, or waiting until one month

before trial to file its motion to dismiss; (3) a forum selection clause will be enforced if the nonmoving party fails to establish the clause is unfair or unreasonable; and (4) parties by agreement may consent to personal jurisdiction in a court which lacks minimal contacts with the parties.

I

ENFORCEMENT OF THE FORUM SELECTION CLAUSE

 The contract between the parties expressly provides that Nevada law governs its construction and that any litigation to enforce the contract be brought in Nevada courts:

> Governing Law This Agreement shall be performed in Nevada and shall be construed under Nevada law, and any litigation to construe or enforce this Agreement shall be brought in a court of appropriate state or federal jurisdiction venued in Clark County, Nevada.

Particularly in the commercial context, the enforcement of forum selection clauses serves the salutary purpose of enhancing contractual predictability. *See Scherk v. Alberto-Culver Co.*, 417 U.S. 506, 516, 94 S. Ct. 2449, 41 L. Ed. 2d 270 (1974). Nevada,[1] like Washington, requires enforcement of forum selection clauses unless they are "unreasonable and unjust." *Compare Kysar v. Lambert*, 76 Wn. App. 470, 484, 887 P.2d 431, 440 (1995), *review denied*, 126 Wn.2d 1019 (1995), *with Tandy Computer Leasing v. Terina's Pizza Inc.*, 105 Nev. 841, 784 P.2d 7, 8 (1989) (both citing *Burger King Corp. v. Rudze-*

---

[1]Apparently, neither party challenges the choice of law provision in the contract. The general rule is that the parties' choice of law will be upheld unless unreasonable. *Scherk*, 417 U.S. at 516. In any event, as set forth in the text above, Washington follows the same test as Nevada as to enforceability of a forum selection clause. The fact that the chosen state is also declared in the contract to be the state of the governing law "might be thought to suggest that the parties would have wished to have the action brought in the chosen state even in the case of substantial inconvenience." RESTATEMENT (SECOND) CONFLICT OF LAWS § 80, cmt. c (Supp. 1989).

*wicz,* 471 U.S. 462, 472 n.14, 105 S. Ct. 2174, 85 L. Ed. 2d 528 (1985)). This is consistent with the test set forth by the U.S. Supreme Court. *See Burger King,* 471 U.S. at 472 n.14; *M/S Bremen v. Zapata Off-Shore Co.,* 407 U.S. 1, 10, 92 S. Ct. 1907, 32 L. Ed. 2d 513 (1972) (a forum selection clause is prima facie valid and should be enforced unless the challenger clearly shows enforcement would be "unreasonable and unjust"). Thus, even where a forum selection clause establishes a remote forum for resolution of conflicts, "the party claiming [unreasonableness] should bear a heavy burden of proof." *M/S Bremen,* 407 U.S. at 17. *See also* Restatement (Second) Conflict of Laws § 80, cmt. *c* (Supp. 1989) ("[t]he burden of persuading the court that stay or dismissal of the action would be unfair or unreasonable is upon the party who brought the action"); *Pelleport Investors, Inc. v. Budco Quality Theatres, Inc.,* 741 F.2d 273, 280 (9th Cir. 1984) ("[a]bsent some evidence submitted by the party opposing enforcement of the clause to establish fraud, undue influence, overweening bargaining power, or such serious inconvenience in litigating in the selected forum so as to deprive that party of a meaningful day in court, the provision should be respected as the expressed intent of the parties").

In deciding a motion to dismiss based on a forum selection clause, the court does not accept the pleadings as true. Rather, the party challenging the clause must present evidence to justify its nonenforcement. *See Argueta v. Banco Mexicano,* 87 F.3d 320, 324 (9th Cir. 1996). Voicelink has failed to meet its burden of proving that the parties would be so seriously inconvenienced by litigation in Nevada that the clause must be found unreasonable or that the clause was obtained through unfair dealing.

Voicelink summarily alleges that enforcement would be "unreasonable" because it performed the work under the contract in Washington; Datapulse mailed its payments to Voicelink's Redmond office; and the Nevada forum selection clause was included in the contract by "mistake." Whether or not these allegations, if substantiated, would

be sufficient to establish unreasonableness, Voicelink's allegations are not supported in the record by either testimony or exhibits. Because Voicelink failed to provide any evidence in opposition to the motion to dismiss, it has not satisfied its heavy burden of proof as the party opposing enforcement of a forum selection clause. We will not consider allegations of fact without support in the record.[2] Voicelink has therefore failed to meet its burden of proof as to unreasonableness.[3]

▆▆ In its reply brief, Voicelink argues that the parties may not, by agreement, confer jurisdiction on a Ne-

---

[2]*Northlake Marine Works, Inc. v. City of Seattle*, 70 Wn. App. 491, 513, 857 P.2d 283 (1993); *Lewis v. City of Mercer Island*, 63 Wn. App. 29, 32, 817 P.2d 408, *review denied*, 117 Wn.2d 1024 (1991). Assertions by counsel are not evidence. *See Bravo v. Dolsen Cos.*, 71 Wn. App. 769, 777, 862 P.2d 623 (1993) (unsworn allegation of fact in appellate brief falls outside materials that court can consider), *reversed on other grounds*, 125 Wn.2d 745, 888 P.2d 147 (1995).

[3]The cases that Voicelink cites in support of its assertion that enforcement of the forum selection clause would be unreasonable are readily distinguishable. In both *Mangham v. Gold Seal Chinchillas, Inc.*, 69 Wn.2d 37, 46, 416 P.2d 680 (1966) and *Exum v. Vantage Press, Inc.*, 17 Wn. App. 477, 479, 563 P.2d 1314 (1977), evidence in the record supported the factual allegations of unreasonableness. Here, the record fails to reflect several of the factors identified in the cited cases that might weigh in favor of nonenforcement of a forum selection clause. *Prows v. Pinpoint Retail Sys., Inc.*, 868 P.2d 809 (Utah 1993) is similarly inapposite to the case at hand. That case involved a forum selection clause in a contract between only two of the three parties to the lawsuit. If enforced, it would have required the plaintiff to litigate in two separate venues. *Carefree Vacations, Inc. v. Brunner*, 615 F. Supp. 211, 214 (W.D. Tenn. 1985) is also distinguishable because the record established where the parties lived and did business and where the contract was executed. No such allegations or proof are made here. Further, even assuming this court accepted the unsubstantiated allegations of Voicelink as evidence, they would be inadequate to meet its "heavy burden" of proving unreasonableness. Unreasonableness requires more than a conclusion that trial in the forum would be *more* convenient than the chosen state. Rather, the chosen state must be a "seriously inconvenient place for the trial." RESTATEMENT (SECOND) CONFLICT OF LAWS § 80, cmt. c (Supp. 1989). The place of contract performance is not dispositive in this analysis. No evidence was submitted as to the nature of the negotiations or bargaining power of the parties. With parties on the east and west coasts, the mutual inconvenience of a Nevada forum may well have been contemplated. Nor does Voicelink claim lack of notice of the clause. It claims that the insertion of the clause was Voicelink's mistake, but cites nothing in the record to support its claim. Even if it were included by mistake, the mistake must be interpreted against the party making it. *See, e.g.*, RESTATEMENT (SECOND) OF CONTRACTS § 206 (1981); 3 ARTHUR LINTON CORBIN, CORBIN ON CONTRACTS § 559 (1960); 4 SAMUEL WILLISTON, WILLISTON ON CONTRACTS § 621 (Walter H.E. Jaeger ed., 3d ed. 1961).

vada court. Voicelink also asserts that Nevada might refuse to hear the dispute, regardless of consent by a forum selection clause, unless Nevada also has jurisdiction over Datapulse under its long-arm statute. At the outset, one must distinguish between personal and subject matter jurisdiction. Federal courts and most state courts, including Washington, have expressly held that a choice of forum clause constitutes consent to *personal* jurisdiction.[4] Personal jurisdiction, unlike subject matter jurisdiction, may be conferred by agreement, even though the selected court might otherwise lack "minimum contacts" under the due process clause.

Although Florida and Alabama require a showing of long-arm jurisdiction, regardless of consent by a forum selection clause,[5] the sole authority that Voicelink cites for its claim that Nevada may refuse to hear the suit is *Firouzabadi v. First Judicial Dist. Court*, 110 Nev. 1348, 885 P.2d 616 (1994). In fact, in that case the Nevada Supreme Court found personal jurisdiction under Nevada's long-arm statute over a New Jersey corporation in a contractual dispute with a California partnership. Unlike the instant case, the contract in *Firouzabadi* contained *no* forum selection clause. Further, Voicelink relies on the Nevada trial court's reasoning to the effect that Nevada has little interest in providing a forum for an action brought by nonresidents. The Nevada Supreme Court expressly rejected this argument because due process requirements were met.

█ Voicelink has not argued persuasively or cited any authority for the proposition that Nevada would not

---

[4]*See Chan v. Society Expeditions, Inc.*, 39 F.3d 1398, 1406 (9th Cir. 1994), *cert. denied*, 514 U.S. 1004, 115 S. Ct. 1314 (1995); *Heller Fin. Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1292 n.4 (7th Cir. 1989); *Kysar v. Lambert*, 76 Wn. App. at 485 ("a choice-of-forum clause shows consent to personal jurisdiction, . . . even though it refers only to venue").

[5]*See Alexander Proudfoot Co. World Headquarters v. Thayer*, 877 F.2d 912, 918 (11th Cir. 1989); *White-Spunner Constr. v. Cliff*, 588 So. 2d 865, 866-67 (Ala. 1991) (acknowledged as contrary authority in *Kysar v. Lambert*, 76 Wn. App. at 485 n.30).

exercise jurisdiction in this case. Further, it is not the role of this court to speculate on whether the parties' contractually designated forum would, in fact, assert jurisdiction.

Voicelink has not presented any evidence in the record to support its allegations that litigation in Nevada would be so seriously inconvenient as to make enforcement of the forum selection clause unreasonable.[6]

## II

## WAIVER

Voicelink argues that even if the forum selection clause is enforceable, Datapulse waived the defenses of improper venue and lack of personal jurisdiction by its conduct in the litigation prior to moving for dismissal under CR 12(b). Voicelink argues that Datapulse waived its right to assert the venue and jurisdiction defenses by its actions after filing its answer, which raised those defenses. We conclude that Datapulse preserved its venue defense. Because the venue issue is dispositive, we do not address the defense of lack of personal jurisdiction.

## A

### Appropriate Civil Rule for Motion to Dismiss Based on Forum Selection Clause

At the outset, we must decide whether a CR 12(b)(3) motion was the appropriate vehicle to resolve the issue of venue. Voicelink asserted in oral argument that enforcement of the forum selection clause presents a contractual affirmative defense, not a CR 12(b)(3) defense of improper venue, and that the issue had been waived by Datapulse's failure to bring its motion in the early stages of the litigation. Datapulse identified the venue defense in its answer

---

[6]We note that Voicelink may file in Nevada and request an immediate determination on jurisdiction and venue. Further, the parties could use the information obtained though their Washington discovery in Nevada, and Voicelink has not shown that the cost of refiling in Nevada is burdensome.

as well as its subsequent CR 12(b)(3) motion. If CR 12(b)(3) is the proper vehicle for a motion to dismiss based on a forum selection clause, then the motion may be brought at any time, even as late as trial, as long as the moving party asserted the defense in compliance with CR 12. *See French v. Gabriel*, 116 Wn.2d 584, 806 P.2d 1234 (1991).

CR 12(b) requires that all defenses be raised in the answer or other responsive pleading. That rule also provides that a party may assert certain defenses, including improper venue, in a motion before pleading. As used in the Washington venue statutes, "venue" refers generally to the county within the state where a lawsuit may be brought or heard. *See* RCW 4.12.025(2), 4.12.030, 4.12.040(2); Lewis H. Orland and Karl B. Tegland, 14 Washington Practice § 41 (1996). CR 82 designates the venue for lawsuits against out-of-state defendants and describes a procedure for changing venue from one county to another. CR 82(b) provides that "[i]f an action is brought in the wrong county, the action may nevertheless be tried therein unless the defendant, pursuant to the provisions of rule 12, requests that the trial be held in the proper county and files an affidavit of merits."

Neither the statutes nor the rules expressly refer to venue as including a court designated by a forum selection clause rather than by statute. Whether "improper venue" encompasses a contractually designated forum different from the one in which the suit has been brought or could be brought by statute has not been addressed by the Washington courts. When a state rule is similar to a parallel federal rule, we sometimes look to cases analyzing the federal rule for guidance. *American Mobile Homes of Wash., Inc. v. Seattle-First Nat'l Bank*, 115 Wn.2d 307, 313, 796 P.2d 1276 (1990).

The majority rule in the federal courts, and the one adhered to in the Ninth Circuit, is that FRCP 12(b)(3) applies to enforcement of a forum selection clause which designates an extra-territorial forum. *See, e.g., Argueta v.*

*Banco Mexicano*, 87 F.3d at 324.[7] (Unlike the situation in state courts, a clause which places venue in a federal court in a different state requires only a transfer of venue pursuant to 28 U.S.C. 1404(a), not dismissal for improper venue.)

Courts that have analyzed a forum selection clause as presenting an improper venue issue under FRCP 12(b)(3) have cited the rationale of requiring the issue to be raised early in the litigation:

> [J]udicial economy requires selection of the proper forum at the earliest possible opportunity. . . . This precept is as applicable when the forum is challenged on the basis of a forum selection clause . . . as when there is a statutory as distinct from a contractual basis for thinking the suit belongs elsewhere.

*Frietsch v. Refco, Inc.*, 56 F.3d 825, 830 (7th Cir. 1995). *See also Riley v. Kingsley Underwriting Agencies, Ltd.*, 969 F.2d 953 (10th Cir.), *cert. denied*, 506 U.S. 1021 (1992); *Commerce Consultants Int'l v. Vetrerie Riunite, S.P.A.*, 867 F.2d 697 (D.C. Cir 1989); *Shell v. R.W. Sturge, Ltd.*, 55 F.3d 1227 (6th Cir. 1995).

Some federal courts have applied a contract analysis. They reason that if, under venue statutes, venue is properly in the forum in which the case has been filed, the enforceability of the parties' agreement to litigate elsewhere does not technically raise an issue of "improper" venue under FRCP 12(b)(3):

> The fact that the parties contractually agreed to litigate disputes in another forum is not a question of venue, but one of contract, which will be enforced unless fundamentally unfair.

---

[7]Many federal courts have granted motions to dismiss under FRCP 12(b)(3) on the basis of a forum selection clause. *Riley v. Kingsley Underwriting Agencies, Ltd.*, 969 F.2d 953, 956 (10th Cir.), *cert. denied*, 506 U.S. 1021 (1992); *Spradlin v. Lear Siegler Management Servs. Co.*, 926 F.2d 865 (9th Cir. 1991); *Commerce Consultants Int'l v. Vetrerie Riunite, S.P.A.*, 867 F.2d 697 (D.C. Cir. 1989); *Grossman v. Citrus Assocs. of N.Y. Cotton Exch., Inc.*, 706 F. Supp. 221 (S.D.N.Y. 1989). *But see Lambert v. Kysar*, 983 F.2d 1110 (1st Cir. 1993).

*National Micrographics Sys., Inc. v. Canon U.S.A., Inc.*, 825 F. Supp. 671, 679 (D.N.J. 1993). *See also Huntingdon Eng'g & Envtl. Inc. v. Platinum Software Corp.*, 882 F. Supp. 54 (W.D.N.Y. 1995).

Yet other federal courts have held that a motion to dismiss based on a forum selection clause should be deemed a CR 12(b)(6) motion (failure to state a claim), not a CR 12(b)(3) motion (improper venue). *See, e.g., Lambert v. Kysar*, 983 F.2d 1110, 1112 n.1 (1st Cir. 1993); *Jordan v. SEI Corp.*, No. CIV.A. 96-1616, 1996 WL 296540 (E.D. Pa. June 4, 1996).

█ We believe that determination of the enforceability of forum selection clauses under CR 12(b)(3) furthers judicial economy and efficiency by requiring assertion of the venue defense at a relatively early stage of the proceeding.[8] Furthermore, a determination under CR 12(b)(3) is consistent with the standard articulated by the U.S. Supreme Court and our courts for resolving motions to dismiss based on a forum selection clause, which requires submission of evidence by the party challenging its enforceability:

> We conclude that we should treat [the motion to dismiss premised on a forum selection clause] as a Rule 12(b)(3) motion to dismiss for improper venue. Under the Supreme Court's standard for resolving motions to dismiss based on a forum selection clause, the pleadings are not accepted as true, as would be required under a Rule 12(b)(6) analysis.

*Argueta*, 87 F.3d at 324. Analysis under CR 12(b)(3)

---

[8]For example, CR 12(g) requires that if one of the defenses listed in CR 12(b) is raised in a motion, the defendant is required to consolidate all other applicable CR 12(b) defenses into a single motion (with certain exceptions), or they are waived. Further, CR 12(h)(1) indicates that the defense of improper venue must be raised in either a pre-answer motion or in the answer, or it is waived. By contrast, a CR 12(b)(6) motion can expressly be made as late as trial under CR 12(h)(2). Finally, CR 12(d) indicates that the seven defenses listed in CR 12(b), whether raised by pleading or by motion, "shall be heard and determined before trial on application of any party, unless the court orders that the hearing and determination thereof be deferred until the trial." This has been construed by our Supreme Court as allowing but not requiring that the trial court be asked to decide CR 12(b) defenses prior to trial. *French*, 116 Wn.2d at 589.

permits the court to consider facts outside the pleadings, consistent with the applicable standard for resolving forum selection cases that place the burden on the challenger to submit evidence of nonenforceability.

## B
### Waiver Analysis for CR 12(b)(3) Motion

 Voicelink argues that Datapulse waived its defense by (1) failing to "specifically plead" the defense in its answer, (2) conducting discovery on issues other than the defense, (3) moving to strike depositions without asserting its venue defense in the motion to strike, and (4) waiting until one month before trial to bring its motion to dismiss.[9] These arguments are not supported by either the record or applicable authority.

First, in its answer, Datapulse expressly requested the court to dismiss the case for "lack of jurisdiction of [sic] venue under the terms of the contract." This pleading satisfies the requirement under CR 12(h)(1) that an improper venue defense be raised in a motion or responsive pleading in order to avoid waiver.

 Second, Datapulse's participation in substantive discovery after it raised the defense of lack of venue in its answer does not waive its later assertion of that defense. This case is distinguishable from *Romjue v. Fairchild*, 60 Wn. App. 278, 803 P.2d 57, *review denied*, 116 Wn.2d 1026 (1991), in which the defendant failed to raise the defense of insufficient service of process at all prior to discovery. Rather, the facts of this case are governed by *French*, 116 Wn.2d 584, and *Crouch v. Friedman*, 51 Wn. App. 731, 754 P.2d 1299 (1988).

In *Crouch*, the court held that the defendant did not waive his CR 12(b) defense where he filed an answer alleging insufficient service of process and then proceeded with

---

[9]Voicelink concedes, correctly, that Datapulse did not waive its right to raise the issue of venue by asserting a compulsory counterclaim in its answer. *Kuhlman Equip. Co. v. Tammermatic, Inc.*, 29 Wn. App. 419, 423, 628 P.2d 851 (1981).

discovery. Although the court did not expressly indicate whether discovery was broader than the service of process issue, the defendant's motion to dismiss was brought nearly three years after the case was filed and was accompanied by a summary judgment motion on a substantive issue. In *French*, the defendant preserved his CR 12 defense in his answer and then proceeded with discovery on matters unrelated to that defense. The court, relying on *Crouch*, expressly held that no waiver occurred by reason of proceeding with substantive discovery:

> [O]nce [the defendant] properly preserved his defense by pleading it in his answer, he is not precluded from asserting it by proceeding with discovery. . . . [Plaintiff] seeks to distinguish *Crouch*, contending that discovery was not necessary to establish [defendant's] defense of insufficient service of process. *Crouch* is not distinguishable on this basis.

*French*, 116 Wn.2d at 594.

Similarly, in this case Datapulse properly raised the venue defense under CR 12(b) by pleading it in its answer and did not waive it by proceeding with discovery and preparing other defenses. Although Datapulse's participation in discovery may have constituted a consent to personal jurisdiction in Washington, *see Banton v. Opryland U.S.A., Inc.*, 53 Wn. App. 409, 767 P.2d 584 (1989), it did not comprise a waiver of its right to enforce the forum selection clause.

Third, Datapulse did not waive its CR 12(b)(3) defense by failing to assert the venue issue in its motion to strike depositions. Voicelink ostensibly relies on CR 12(g) which requires that all CR 12 motions be consolidated into a single motion. Quite simply, Datapulse's motion to strike the depositions is not one of the specified motions under CR 12, and thus the consolidation requirement of CR 12(g) was inapplicable to the motion to strike. The motion to strike was directed solely to a discovery matter and does not fall within any of the categories of motions described in CR 12.

Finally, Datapulse did not waive its CR 12(b) defense by waiting until shortly before trial to move for dismissal. CR 12(b) does not require a party to raise motions on defenses prior to trial. Our Supreme Court held in *French* that a party does not waive the CR 12(b)(5) defense of insufficient service of process even though it waited until trial to move for dismissal:

> [A] party may, but is not required to, ask the court to decide CR 12(b) defenses prior to trial. Here, [defendant] chose to assert the defense in his answer. While the defense would have been waived had he brought a CR 12 motion and failed to include it, no court rule mandates the assertion of this defense in a motion to dismiss before trial.

116 Wn.2d at 589.

Here, Datapulse objected to venue and jurisdiction in its answer. Voicelink had ample opportunity to move to strike the affirmative defenses. In any event, Voicelink has known of these issues from the outset of the litigation and could have moved timely to resolve them. It must assume the risk of its own inaction.

Although we do not condone the conduct of either party in not resolving the venue issue earlier, for the foregoing reasons, Datapulse did not waive its defense of improper venue. We conclude the trial court properly dismissed the action.

## III

### ATTORNEY FEES

RCW 4.28.185(5) authorizes reasonable attorney fees to defendants served under Washington's long-arm statute who prevail in the action. Since Datapulse has successfully obtained dismissal of the action, it has prevailed. Datapulse need not prevail on the merits.[10] We award Datapulse fees on appeal and direct it to comply with RAP 18.1.

---

[10]*Scott Fetzer Co. v. Weeks*, 114 Wn.2d 109, 786 P.2d 265 (1990) (case dismissed for lack of personal jurisdiction); *Andersen v. Gold Seal Vineyards, Inc.*, 81

We affirm.

BAKER, C.J., and ELLINGTON, J., concur.

Wn.2d 863, 505 P.2d 790 (1973) (fees awarded where case voluntarily dismissed by plaintiff).