# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

JOHN R. TONEY,

            Appellant,

      v.

LEWIS COUNTY, LEWIS COUNTY
DISTRICT COURT ET AL, LEWIS
COUNTY PROSECUTING
ATTORNEY'S OFFICE ET AL,
J. DAVID FINE, PAMELA SHIRER,
JUST HAZEL DOE, IRENE WHITMAN,
JANE DOE'S 1-10, JOHN DOE'S 1-8,

            Respondents.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

No. 76030-1-I

DIVISION ONE

UNPUBLISHED OPINION

FILED: January 30, 2017

FILED
COURT OF APPEALS DIV 1
STATE OF WASHINGTON
2017 JAN 30 AM 9: 56

MANN, J. — Washington's tort claim statute prohibits the filing of an action for damages against a local government entity for tortious conduct until 60 calendar days have elapsed after presenting the local government entity with a claim for damages. RCW 4.96.020(4). After the Lewis County District Court Clerk declined to issue a garnishment for $622.55 in previously awarded fees and costs, John Toney filed a $1 million claim with the Lewis County Risk Manager. Thirty-one days later, Toney served a summons and complaint upon the County, the District Court, and the District Court's staff. After all of the Lewis County Superior Court Judges recused themselves, Cowlitz

County Superior Court Judge Michael H. Evans, was assigned to the case as a visiting judge. The trial court granted the County's motion for summary judgment and dismissed Toney's complaint based on RCW 4.96.020(4). Because Toney failed to demonstrate that he substantially complied with the 60-day waiting period in RCW 4.96.020(4), we affirm.

## FACTS

John Toney alleges that in 2005, Lewis County Superior Court awarded him costs and fees in the amount of $622.55 after an appeal from Lewis County District Court (District Court). In April 2015, Toney presented papers to the Lewis County District Court Clerk (Clerk) in an attempt to garnish the amount owed from the District Court. The Clerk and her staff refused to issue the garnishment.

On April 15, 2015, Toney filed a $1 million tort claim against Lewis County (County) and the County Clerk's office with the County Risk Manager. Thirty-one days later, on May 15, 2015, Toney served a summons and complaint upon the County, the District Court, and the District Court's staff. Toney did not file the complaint or pay the filing fee at this time. On May 18, 2015, Civil Deputy Prosecutor J. David Fine, on behalf of the County, sent Toney a demand letter to file the complaint pursuant to CR 3(a). On May 27, 2015, Toney filed his amended complaint, which added Fine and the Lewis County Prosecuting Attorney's Office as defendants.

All of the three sitting Lewis County Superior Court Judges recused themselves from the case. Susie Parker, the superior court administrator, then notified the parties by letter that Judge Michael H. Evans of Cowlitz County was assigned by Lewis County Superior Court to hear the case.

-2-

On July 7, 2015, Judge Evans heard oral argument on the County's motion for summary judgment in Cowlitz County. The court granted the County's motion and dismissed Toney's complaint. The court ruled that all of Toney's claims were based on tort, and "even in the light most favorable to [Toney] . . . Toney fails to meet his burden there that the County had completed its investigation or evaluation of the case." Toney filed a motion for reconsideration that was denied. Toney appeals.

ANALYSIS

I.

Toney first contends that Judge Evans lacked the authority to preside over the case because the record did not contain a specific request from the Lewis County Chief Superior Court Judge asking Judge Evans to sit as a visiting judge. This raises a matter of constitutional interpretation, that we review de novo.

Article IV, section 7 of the Washington Constitution states, "The judge of any superior court may hold a superior court in any county at the request of the judge of the superior court thereof, and upon the request of the governor it shall be his or her duty to do so." Whether the record must contain this specific request was resolved by this court in State v. Hawkins, 164 Wn. App. 705, 711-12, 265 P.3d 185 (2011), and over 100 years ago by the Washington Supreme Court in State v. Holmes, 12 Wn. 169, 40 P. 735 (1895).

The Holmes court applied the maxim "omnia praesumuntur rite et solemniter esse acta donec probetur in contrarium," or "everything is presumed to be rightly and

-3-

duly performed until the contrary is shown," to this issue.[1] Holmes, 12 Wn. at 174. The court held, "neither the constitution nor the statutes in this state make provision for the spreading upon the record of the fact that the visiting judge has been called to hold court either by the governor or by the judges in the county where the term of court is held." Holmes, 12 Wn. at 174-78. Therefore, "the acts of a de facto judicial officer will be presumed to have been done with jurisdiction, unless it affirmatively appears to the contrary." Holmes, 12 Wn. at 178 (italics omitted). In 2011, this court ruled that Holmes is still controlling as "[i]n the intervening 106 years, neither the Washington Constitution nor the applicable statutes have been amended to require that a request for a visiting judge be made part of the record before the visiting judge has authority to act." Hawkins, 164 Wn. App. at 712.

Accordingly, we presume that the visiting judge received an appropriate request unless presented with evidence to the contrary. Because Toney presented no evidence indicating that Judge Evans lacked authority to preside over this case, we reject this claim.

II.

Toney argues next that Judge Evans lacked authority to hear and decide the County's motion for summary judgment in Cowlitz County instead of in Lewis County. Under RCW 2.08.190, superior court judges have power:

> in any county within his or her district: . . . (3) to decide and rule upon all motions, demurrers, issues of fact, or other matters that may have been submitted to him or her in any other county. All such rulings and decisions shall be in writing and shall be filed immediately with the clerk of the proper county: PROVIDED, That nothing herein contained shall authorize

---

[1] Kimball v. Sch. Dist. No. 122 of Spokane County, 23 Wn. 520, 526, 63 P. 213 (1900).

**the judge to hear any matter outside of the county wherein the cause or proceeding is pending, except by consent of the parties.**

RCW 2.08.190 (emphasis added).

In this case, there is no evidence that Toney consented to having the hearing in Cowlitz County. Indeed, he specifically objected to doing so. Consequently, the hearing and decision on the motion for summary judgment in Cowlitz County was irregular and not authorized by the statute. See Allen v. Allen, 96 Wn. 689, 693, 165 P. 889 (1917). However, unless prejudice is shown, an irregular hearing does not furnish a ground for reversal. Allen, 96 Wn. at 693. Because we review motions for summary judgement de novo, and because both parties were able to fully present their arguments at the hearing, the improper venue was error without prejudice and does not require reversal. See Allen, 96 Wn. at 693; Spencer v. Spencer, 24 Wn.2d 574, 582, 166 P.2d 845, 849 (1946).

III.

Toney argues next that the motion for summary judgment was improperly served because the certificate of service was signed by Fine, a named defendant. Service of original process and pleadings are controlled by the Washington Court Rules (CR). The application of court rules to a particular set of facts is a question of law that we review de novo. Brower v. Pierce County, 96 Wn. App. 559, 562, 984 P.2d 1036 (1999).

We interpret a court rule as if it had been enacted by the legislature, applying the rules of statutory construction and giving effect to its plain meaning as an expression of intent. State v. Chhom, 162 Wn.2d 451, 458, 173 P.3d 234 (2007); State v. Greenwood, 120 Wn.2d 585, 592, 845 P.2d 971 (1993). Court rules, like statutes, must

-5-

be construed so that all language is given effect with no portion rendered meaningless or superfluous. State v. Keller, 143 Wn.2d 267, 277, 19 P.3d 1030 (2001). If the language of the rule is clear on its face, we give effect to its plain meaning and assume the rule means exactly what was intended. City of Bellevue v. Hellenthal, 144 Wn.2d 425, 431, 28 P.3d 744 (2001).

CR 4 controls process service of the summons and complaint. Service and filing of pleadings and other papers is controlled by CR 5. CR 4(c) provides, in part:

> By Whom Served. Service of summons and process, except when service is by publication, shall be by the sheriff of the county wherein the service is made, or by his deputy, or by any person over 18 years of age who is competent to be a witness in the action, other than a party.

The requirement that service cannot be performed by a party is consistent with the general principle of law that a person may not execute process in his own favor. Crouch v. Friedman, 51 Wn. App. 731, 733, 754 P.2d 1299 (1988). The reason for disqualifying parties to the suit from executing the initial service of process is that parties in an action often stand to gain or lose from creating an issue involving process and could easily create such problems by falsely claiming they have executed service. Crouch, 51 Wn. App. at 734.[2] Allowing such an unchecked system would needlessly and substantially increase the burden of the courts. Crouch, 51 Wn. App. at 734.

While the language of CR 4(c) specifically prohibits service by a party, no such restriction exists under CR 5. Looking to the plain language of CR 5, the rule does not include a "by whom served" condition, and there is no other section that would indicate

---

[2] "'It is difficult to conceive of a greater opportunity for mischief than to allow interested litigants to be uninhibited from averring that they have made service in their own behalf.'" Crouch v. Friedman, 51 Wn. App. 731, 734, 754 P.2d 1299, 1300-01 (1988) (citing Morrissey v. Murphy, 137 F. Supp. 377, 379 (E.D. Wis. 1956)).

an intent to forbid service by a party on the record. Toney argues that CR 5 naturally incorporates the same service restrictions as CR 4, but this argument is without basis.

One provision in CR 5 does explicitly incorporate the restrictions in CR 4, but only for new or additional claims,[3] a provision that would be superfluous if all of CR 5 was intended to incorporate CR 4. Furthermore, the policy reasons for limiting service for the initial complaint and summons do not exist for the rest of the pleadings regulated by CR 5. Once the initial complaint and summons have been served and the case has been filed, all parties are on notice of the pending action. As CR 5 does not plainly incorporate CR 4, we will not assume it was intended to do so. Therefore, Fine did not err in signing the declaration of service and serving pleadings on Toney by U.S. mail.

IV.

Toney argues finally that the trial court erred in dismissing his complaint for noncompliance with RCW 4.96.020(4). We review summary judgment orders de novo, considering the evidence and all reasonable inferences from the evidence in the light most favorable to the nonmoving party. Keck v. Collins, 184 Wn.2d 358, 370, 357 P.3d 1080 (2015). Summary judgment is appropriate only when no genuine issue exists as to any material fact and the moving party is entitled to judgment as a matter of law. Keck, 184 Wn.2d at 370. Mere allegations or conclusory statements of facts unsupported by evidence are not sufficient to establish a genuine issue. Baldwin v. Sisters of Providence in Wash., Inc., 112 Wn.2d 127, 132, 769 P.2d 298 (1989). Nor may the nonmoving party rely on "speculation" or "argumentative assertions that

_____

[3] "Pleadings asserting new or additional claims for relief against them shall be served upon them in the manner provided for service of summons in rule 4." CR 5(a).

unresolved factual issues remain." Seven Gables Corp. v. MGM/UA Entm't Co., 106 Wn.2d 1, 13, 721 P.2d 1 (1986).

Under RCW 4.96.020(4), "[n]o action . . . shall be commenced against any local governmental entity, or against any local governmental entity's officers, employees, or volunteers, acting in such capacity, for damages arising out of tortious conduct until sixty calendar days have elapsed after the claim has first been presented to the agent of the governing body thereof." Here, Toney provided notice of his claim to the County Risk Manager on April 15, 2015. Toney then served his initial complaint and summons on the County, the District Court, and the District Court's staff on May 15, 2015.[4] Consequently, Toney commenced his claim after only 31 days. The trial court granted the County's motion for summary judgment to dismiss Toney's claims because Toney failed to comply with the statutory waiting requirement.

Toney concedes that he failed to wait the full 60 days, but argues that this court should hold that he "substantially complied" with the statute, relying on RCW 4.96.020(5) and Lee v. Metro Parks Tacoma, 183 Wn. App. 961, 967-68, 335 P.3d 1014 (2014).

In Medina v. Pub. Util. Dist. No. 1 of Benton County, our Supreme Court held that the substantial compliance doctrine was inapplicable to the 60-day waiting period in RCW 4.96.020(4). 147 Wn.2d 303, 317, 53 P.3d 993 (2002). As the Court explained, "[W]here time requirements are concerned, this court has held that 'failure to comply with a statutorily set time limitation cannot be considered substantial compliance' with

---

[4] Under CR 3(a), "a civil action is commenced by service of a copy of a summons together with a copy of a complaint, as provided in rule 4 or by filing a complaint."

the statute." Medina, 147 Wn.2d at 317 (quoting City of Seattle v. Pub. Employment

Relations Comm'n, 116 Wn.2d 923, 929, 809 P.2d 1377 (1991)).[5]

In 2009, however, the legislature amended RCW 4.96.020, adding a new

subsection. RCW 4.96.020(5) now provides:

> With respect to the content of claims under this section and all procedural requirements in this section, this section must be liberally construed so that substantial compliance will be deemed satisfactory.

(Emphasis added.) Division Two of this court, in Lee v. Metro Parks Tacoma,

subsequently held that the 60-day waiting period in RCW 4.96.020(4) was a

"procedural" requirement and therefore only required "substantial compliance." 183 Wn.

App. 961, 967-68, 335 P.3d 1014 (2014).

The Lee court based its holding on Putnam v. Wenatchee Valley Medical Center,

P.S., 166 Wn.2d 974, 984-85, 216 P.3d 374 (2009) and Waples v. Yi, 169 Wn.2d 152,

234 P.3d 187 (2010). Putnam concerned determining whether the statutory

requirement in RCW 7.70.150 for medical malpractice claimants to file a certificate of

merit prior to filing a lawsuit was "procedural" or "substantive." Putnam, 166 Wn.2d at

984. The court stated, "Substantive law 'creates, defines, and regulates primary rights,'

while procedures involve the 'operation of the courts by which substantive law, rights,

and remedies are effectuated.'" Putnam, 166 Wn.2d at 984 (quoting State v. Smith, 84

Wn.2d 498, 501, 527 P.2d 674 (1974). Based on this definition, the Putnam court held

---

[5] "Substantial compliance" still requires that "there was 'actual compliance' with the 'substance' of the statutory requirement." See Pub. Employment, 116 Wn.2d at 928. Therefore, "it is impossible to substantially comply with a statutory time limit in the same way. It is either complied with or it is not. Service after the time limit cannot be considered to have been actual service within the time limit . . . failure to comply with a statutorily set time limitation cannot be considered substantial compliance with that statute." Pub. Employment, 116 Wn.2d at 928-29.

that RCW 7.70.150 was procedural because it addressed "how to file a claim to enforce a right provided by law." Putman, 166 Wn.2d at 984.

Waples concerned the statutory requirement in former RCW 7.70.100(1) requiring medical malpractice claimants to provide health care providers with notice of the intention to file a lawsuit at least 90 days before filing the lawsuit. Waples, 169 Wn.2d at 155. Relying on Putman, the court held that the statutory waiting period was a procedural requirement because it addressed how to file a claim and dealt only with the procedures to effectuate the primary right. Waples, 169 Wn.2d at 161.

Relying on Waples, the Lee court held the 60-day waiting period for tort claims in RCW 4.96.020(4) similar to the 90-day waiting period for medical malpractice claims in former RCW 7.70.100(1) and therefore a "procedural" requirement and subject to substantial compliance under RCW 4.96.020(5). Lee, 183 Wn. App. at 967.

Here, we do not need to decide whether the 60-day waiting period in RCW 4.96.020(4) is procedural or substantive. Even if the 60-day waiting period is a procedural requirement that allows for substantial compliance, summary judgment was still proper because Toney did not "substantially comply" with the statute. "Substantial compliance" requires that the claimant make a "'bona fide attempt to comply with the law'" and "'must actually accomplish its purpose.'" Renner v. City of Marysville, 168 Wn.2d 540, 545-46, 230 P.3d 569 (2010) (quoting Brigham v. City of Seattle, 34 Wn.2d 786, 789, 210 P.2d 144 (1949)). The "generally accepted" purpose of the claim filing statute is "to allow government entities time to investigate, evaluate, and settle claims." Medina, 147 Wn.2d at 310.

To demonstrate substantial compliance Toney cannot simply rely on conjecture that the County had enough time to reach a decision, otherwise the time requirement would be rendered meaningless. The legislature made the judgment that 60 days was the amount of time necessary to achieve the stated purpose, therefore, the County is entitled to the full 60 days. Medina, 147 Wn.2d at 318. Instead, substantial compliance requires Toney to prove that the County had fully investigated, evaluated, and decided whether or not to settle all of Toney's claims prior to when Toney commenced his action. Lee, 183 Wn. App. at 967-68. Toney has not provided any evidence that demonstrates the county had completed its evaluation.

Toney offered two pieces of evidence to show that the County had decided to deny his claim: (1) a letter from the District Court responding to Toney's public records request and (2) a letter from Fine demanding that the case be filed pursuant to CR 3(a). Neither letter demonstrates that the County had completed its evaluation of Toney's claim. The District Court letter was simply a response to Toney's request for records, and neither the letter nor the request referenced Toney's pending claim. Similarly, Fine's demand letter did not mention the County Risk Manager's investigation or indicate that a decision had been made. Moreover, Toney had already commenced his action by serving the County and the District Court with the summons and complaint by the time he received Fine's demand. Toney needed to demonstrate that the County had completed its investigation before he commenced his action.[6]

---

[6] Toney also raises a new argument on appeal that Fine acted in bad faith and committed misconduct. Toney attached multiple pages of supplemental evidence in support. Because this issue was not raised before the trial court and the information is not in the superior court record we decline review. RAP 2.5(a).

-11-

Because Toney failed to submit any evidence that he even substantially complied with the statute, we need not determine at this time whether the 60-day waiting period under RCW 4.96.020(4) is a "procedural requirement" permitting substantial compliance. The County was entitled to summary judgment. We affirm.

Mann, J.

WE CONCUR:

Appelwick, J.                    Becker, J.