# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| WEST CONSULTANTS, INC., | ) | NO. 68309-8-I |
| | ) | |
| Appellant, | ) | DIVISION ONE |
| | ) | |
| v. | ) | |
| | ) | ORDER GRANTING MOTION |
| CAROLYN E. DAVIS, an individual, | ) | TO PUBLISH OPINION |
| dba ADVANCED ENTERPRISE | ) | |
| SYSTEMS and "A&E" SYSTEMS, | ) | |
| a Washington sole proprietorship; | ) | |
| DELTEK SERVICES, INC., a Delaware | ) | |
| corporation; DELTEK SYSTEMS, INC., | ) | |
| a Delaware corporation; DELTEK | ) | |
| CORP., a Delaware corporation; | ) | |
| DELTEK, INC., a Delaware corporation; | ) | |
| and DELTEK PARTNERS, a purported | ) | |
| Washington partnership, | ) | |
| | ) | |
| Respondents. | ) | |

Respondents Deltek, having filed a motion to publish opinion, and the hearing panel having reconsidered its prior determination and finding that the opinion will be of precedential value; now, therefore it is hereby:

ORDERED that the unpublished opinion filed August 19, 2013, shall be published and printed in the Washington Appellate Reports.

Done this 30th day of September, 2013.

FOR THE COURT:

_Leach C.J._
Judge



FILED
COURT OF APPEALS
STATE OF WASHINGTON

2013 AUG 19    9: 40

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| WEST CONSULTANTS, INC., | ) | NO. 68309-8-I |
| | ) | |
| Appellant, | ) | DIVISION ONE |
| | ) | |
| v. | ) | |
| | ) | PUBLISHED OPINION |
| CAROLYN E. DAVIS, an individual, | ) | |
| dba ADVANCED ENTERPRISE | ) | |
| SYSTEMS and "A&E" SYSTEMS, | ) | |
| a Washington sole proprietorship; | ) | |
| DELTEK SERVICES, INC., a Delaware | ) | |
| corporation; DELTEK SYSTEMS, INC., | ) | |
| a Delaware corporation; DELTEK | ) | |
| CORP., a Delaware corporation; | ) | |
| DELTEK, INC., a Delaware corporation; | ) | |
| and DELTEK PARTNERS, a purported | ) | |
| Washington partnership, | ) | |
| | ) | |
| Respondents. | ) | FILED: August 19, 2013 |
| | ) | |

LEACH, C.J. — West Consultants Inc. (West) appeals the trial court's enforcement of a forum selection clause. This decision resulted in the dismissal of its claims against Deltek Inc., Deltek Services Inc., Deltek Systems Inc., Deltek Corp., and Deltek Partners (collectively Deltek) for improper venue and an award of reasonable attorney fees and costs to Deltek.[1] West alleges that the Deltek

---

[1] Deltek denies, and no evidence shows, that the entities "Deltek Services Inc.," "Deltek Systems Inc.," "Deltek Corp.," or "Deltek Partners" exist. In April 2007, Deltek Systems Inc. converted to a Delaware corporation and changed its name from "Deltek Systems Inc." to "Deltek Inc."

software it purchased from A&E Systems (A&E) did not work properly. West claims that a purchase agreement with A&E for the software, requiring suit in Washington, governs this case. The trial court concluded that Deltek's click-through license agreement West accepted when it installed the software, requiring suit in Virginia, governs. Because West's claims arise under the license agreement, the purchase agreement was not an integrated contract, and the applicable statutes entitle Deltek to attorney fees and costs, we affirm.

## FACTS

West is an environmental engineering firm. Deltek Inc. is a Delaware corporation with corporate offices located in Virginia. It manufactures software. A&E Systems sells and maintains Deltek software. On March 28, 2008, West purchased a Deltek Vision Software license and quarterly maintenance from A&E. Deltek was not a party to and did not sign the purchase agreement, which stated,

> No express warranties are given by A&E Systems regarding the Deltek, Inc. software that is being utilized in the performance of these services. Any implied warranties of fitness for a particular purpose, merchantability, or any other implied warranties as a matter of law, are specifically disclaimed. Any warranties for the Deltek, Inc. software will be given directly by Deltek, Inc. to the client and the client will look solely to Deltek, Inc. in regard to such warranties.

This agreement also included a choice of law provision: "This agreement shall be governed by the laws of the State of Washington and venue of any suit will be in King County, WA."

West purchased installation, training, and support services from Deltek. West employee Hans Hadley signed a work order on May 13, 2008, requiring Deltek to assist Hadley with installing the software. The work order stated that it was subject to the terms of a separate license agreement between West and Deltek. This license agreement required bringing any claim "relating in whole or in part to this Agreement" in either a state court within Fairfax County, Virginia, or in the United States District Court for the Eastern District of Virginia. On May 16, 2008, a Deltek representative spoke on the phone with Hadley to assist him with installing the software. To complete the installation, Hadley accepted Deltek's license agreement by clicking on a series of buttons on his computer screen. This click-through agreement stated, "YOU AGREE TO BE BOUND BY THE ALL [sic] TERMS OF THIS AGREEMENT BY INSTALLING, COPYING OR USING THE SOFTWARE. IF YOU DO NOT INSTALL, COPY OR USE THE SOFTWARE[,] YOU MAY RETURN IT TO YOUR PLACE OF PURCHASE FOR A FULL REFUND, IF APPLICABLE." The license agreement also included certain express warranties for the software's operation and disclaimed all implied warranties.

On March 22, 2010, after West determined that the software did not meet its needs, West sued Deltek and A&E in King County Superior Court, alleging violations of the Consumer Protection Act (CPA), chapter 19.86 RCW, breach of implied warranties of merchantability and fitness for a particular purpose, and unjust enrichment. On May 25, the court granted Deltek's motion to dismiss for improper venue under CR 12(b)(3), dismissing West's claims against Deltek without prejudice. On June 14, 2010, the court entered an order granting Deltek's request for attorney fees and costs. On August 5, 2011, after West and A&E settled, the court dismissed West's claims against A&E.

On December 27, 2011, Deltek filed a notice of presentation of judgment under CR 54 for both the dismissal order and the fee award. West responded to the motion and attached a declaration from its attorney, Richard Seward, stating, "Virginia law barred Plaintiff's Consumer Protection Act claim and that pursuing the balance of the claims in Virginia was cost prohibitive." Deltek moved to strike a portion of the declaration, arguing that West was improperly attempting to introduce new evidence. The court denied Deltek's motion on January 17, 2012, and entered a final judgment on January 25. West appeals, and Deltek cross appeals.

NO. 68309-8-I / 5

## STANDARD OF REVIEW

We review a trial court's decision on the enforceability of a forum selection clause using an abuse of discretion standard.[2] A trial court abuses its discretion when its decision is manifestly unreasonable or based on untenable grounds.[3] "[T]he abuse of discretion standard gives deference to a trial court's fact-specific determination on enforceability of a forum selection clause, while permitting reversal where an incorrect legal standard is applied."[4] But, if the case presents a pure question of law, "such as whether public policy precludes giving effect to a forum selection clause in particular circumstances," we apply a de novo standard of review as to that question.[5]

We review the legal basis for an attorney fee award de novo, but we review the reasonableness of the award amount for abuse of discretion.[6]

## ANALYSIS

West's primary contention is that the forum selection clause in the A&E purchase agreement controls its claims against Deltek, even though these claims arise out of the Deltek license agreement. West reaches this conclusion through

---

[2] Dix v. ICT Grp., Inc., 160 Wn.2d 826, 833, 161 P.3d 1016 (2007).
[3] Dix, 160 Wn.2d at 833 (citing Wash. State Physicians Ins. Exch. & Ass'n v. Fisons Corp., 122 Wn.2d 299, 339, 858 P.2d 1054 (1993)).
[4] Dix, 160 Wn.2d at 833.
[5] Dix, 160 Wn.2d at 833-34.
[6] Hulbert v. Port of Everett, 159 Wn. App. 389, 407, 245 P.3d 779, review denied, 171 Wn.2d 1024 (2011) (citing Scott Fetzer Co. v. Weeks, 122 Wn.2d 141, 147, 859 P.2d 1210 (1993)).

the following analysis. A&E and Deltek are partners. The A&E purchase agreement provision establishing venue in King County binds its partner, Deltek. The forum selection clause in Deltek's license agreement modifies the purchase agreement provision without consideration. This lack of consideration makes the modification unenforceable. We reject West's analysis because it fails to recognize the "layered contract" nature of this transaction. We also reject West's policy arguments and its challenge to a fee award in Deltek's favor.

In M.A. Mortenson Co., Inc. v. Timberline Software Corp.,[7] our Supreme Court approved the formation of "layered contracts" between a merchant and an end user.[8] Mortenson, a contractor, issued a purchase order to Timberline for the purchase of software.[9] Timberline shipped the software with a shrink-wrap license, which included a limitation of remedies provision.[10] When Mortenson experienced problems with the software, Timberline invoked the limitation provisions. Mortenson contended that the parties' contract consisted only of its purchase order because it never saw or agreed to the provisions of the license

---

[7] 140 Wn.2d 568, 998 P.2d 305 (2000).

[8] The court stated that Article 2 of the Uniform Commercial Code, chapter 62A RCW, which applies to transactions in goods, applies to software licensing. Based upon facts similar to this case, the court concluded in Mortenson that RCW 62A.2-207 did not apply because the case concerned contract formation, not contract alteration. Additionally, RCW 62A.2-207 applies only to contracts between merchants. 140 Wn.2d at 582 & n.9.

[9] Mortenson, 140 Wn.2d at 571.

[10] Mortenson, 140 Wn.2d at 574-75.

agreement at the time the parties made their contract.[11] It also argued that delivery of the license was a request to add terms to the contract, to which the parties never agreed.[12] Our Supreme Court disagreed, holding that the license provisions were part of the parties' contract and use of the software constituted assent to the license terms.[13] The court concluded, "[B]ecause RCW 62.A2-204 allows a contract to be formed 'in any manner sufficient to show agreement . . . even though the moment of its making is undetermined,' it allows the formation of 'layered contracts.'"[14]

West's complaint asserts that Deltek breached implied warranties of merchantability and fitness for a particular purpose. It also alleges that Deltek violated the CPA "by selling a poor quality product to Plaintiff WEST and failed to provide adequate installation, training and maintenance services to render the product useful for any purposes, let alone the special and particular purposes of the Plaintiff." West does not dispute that its claims relate in whole or in part to the license agreement, particularly the agreement's warranties and disclaimers, and it does not seek to rescind the license agreement. West does not allege any breach of the purchase agreement's provisions.

---

[11] Mortenson, 140 Wn.2d at 577.
[12] Mortenson, 140 Wn.2d at 578.
[13] Mortenson, 140 Wn.2d at 584.
[14] Mortenson, 140 Wn.2d at 584 (alteration in original).

As West appropriately acknowledged at oral argument, here, as in Mortenson, the purchase order is not an integrated contract. West's claims cannot arise under the purchase agreement, which provides no express warranties regarding the software and disclaims any implied warranties. West had previously purchased software from A&E, although it had not previously used Deltek's products. West does not dispute that the license and purchase contract terms were clear. When West purchased Deltek's software, it had notice that it would be subject to a license. The purchase agreement between West and A&E recited that West was purchasing a license to use the software and noted that Deltek would provide any warranties for the software. The record indicates that a scroll box would have appeared on the computer screen during the software installation process, setting forth the terms of the license agreement, and that the installer would have been required to affirmatively select the option "I accept the terms of the license agreement" to proceed. The work order that Hadley signed stated explicitly that those same terms governed the work order.

West contends that it agreed to this contract without reading it. We follow the court's reasoning in Mortenson that "it was not necessary . . . to actually read the agreement in order to be bound by it" and that West assented to the license agreement's terms by using the software.[15] West could have declined the terms

---

[15] Mortenson, 140 Wn.2d at 584.

of the license agreement, chosen not to install the software, and returned the software for a full refund. Because the purchase order and license agreement constituted a layered contract and West's claims "relate in whole or in part" to the license agreement, the license agreement's terms govern this dispute. Therefore, the license agreement's forum selection clause applies if it is valid.

"A forum selection clause is presumptively valid unless it violates fundamental public policy of the State of Washington and Washington's interest in the determination of the issue materially outweighs the chosen state's interest."[16] We generally enforce a forum selection clause "even if it is in a standard form consumer contract not subject to negotiation."[17] The party resisting the forum selection clause has the burden of demonstrating that it is unreasonable, even where the clause establishes a remote forum for resolving disputes.[18] Absent evidence of fraud, undue influence, or unfair bargaining power, courts in Washington are reluctant to invalidate forum selection clauses because they increase contractual predictability and may reduce costs of doing business.[19]

---

[16] Saleemi v. Doctor's Assocs., Inc., 176 Wn.2d 368, 384, 292 P.3d 108 (2013) (citing McKee v. AT&T Corp., 164 Wn.2d 372, 384, 191 P.3d 845 (2008)).
[17] Dix, 160 Wn.2d at 834.
[18] Dix, 160 Wn.2d at 834-35; Voicelink Data Servs., Inc. v. Datapulse, Inc., 86 Wn. App. 613, 617, 937 P.2d 1158 (1997).
[19] Dix, 160 Wn.2d at 834-35.

West asserts that the license agreement's forum selection clause is invalid because "Deltek cannot force a new agreement upon Plaintiff WEST without new consideration." But, under Mortenson, the purchase order and license agreement constituted a single "layered contract," not separate agreements.

West also contends that enforcing the license agreement's forum selection clause would violate the CPA's public policy goals and "deny Plaintiff WEST and any other injured Washington 'persons' a forum for its claims against Deltek." In support of this argument, West cites Dix v. ICT Group, Inc.[20] But, in Dix, a class action, the plaintiffs claimed that the forum selection clause requiring venue in Virginia violated the CPA's public policy goals because class action suits were not available in Virginia.[21] The court held that "a forum selection clause that seriously impairs the plaintiff's ability to go forward on a claim of small value by eliminating class suits in circumstances where there is no feasible alternative for seeking relief violates public policy and is unenforceable."[22] Here, West seeks $119,544 in damages, it does not seek to bring a class action, and it presented no evidence to the trial court that it has no feasible alternative for seeking relief. Therefore, we reject its argument.

---

[20] 160 Wn.2d 826, 161 P.3d 1016 (2007).
[21] Dix, 160 Wn.2d at 835.
[22] Dix, 160 Wn.2d at 837.

On appeal, West argues that its claims against Deltek are time barred in Virginia and "that pursuing such claims in either state or federal court in Virginia would be cost prohibitive." It first presented a similar argument to the trial court in response to Deltek's notice of presentation. But the trial court did not consider this contention timely and entered a final judgment "as set forth in the Court's May 25, 2010 Order Granting Certain Defendants' Motion to Dismiss for Improper Venue," and "as set forth in the Court's June 14, 2010 Order Granting Attorneys' Fees and Costs." Therefore, we also decline to address it.[23] Because West's claims arise under the license agreement and it fails to demonstrate that the license agreement's forum selection clause is unreasonable, we hold that the trial court properly required West to litigate its claims against Deltek in Virginia.

West also claims that the trial court's order awarding attorney fees and costs to Deltek "was only authorized by [RCW 4.28.185(5)] if the error had not occurred on the ruling granting Deltek's motion to dismiss." RCW 4.28.185(5) allows a prevailing defendant to recover reasonable attorney fees and costs "[i]n the event the defendant is personally served outside the state on causes of action enumerated in this section." West does not dispute that it caused Deltek to be served personally in Delaware under Washington's long-arm statute.

---

[23] See RAP 2.5(a) ("The appellate court may refuse to review any claim of error which was not raised in the trial court.").

Because the trial court properly granted Deltek's motion under RCW 4.28.185(5), we affirm the fee award.

Deltek requests attorney fees and costs on appeal under RAP 18.1 and RCW 4.28.185(5). "Such an award is discretionary and is limited to the amount necessary to compensate a foreign defendant for the added costs of litigating in Washington."[24] Because Deltek prevails in this action, we award attorney fees and costs to Deltek, limited to the amount necessary to compensate it for any additional costs of defending in Washington.[25]

In a cross appeal, Deltek asserts that the trial court erred in denying its motion to strike Seward's declaration, which West offered in response to Deltek's notice of presentation. Because West does not prevail, we need not consider this issue.

## CONCLUSION

Because West's claims against Deltek arise under the license agreement, we affirm the trial court's order dismissing its claims for improper venue and awarding attorney fees and costs to Deltek. Because Deltek prevails in this appeal, we also award costs and reasonable attorney fees to Deltek incurred on

---

[24] Payne v. Saberhagen Holdings, Inc., 147 Wn. App. 17, 36, 190 P.3d 102 (2008) (citing Scott Fetzer Co., Kirby Co. Div. v. Weeks, 114 Wn.2d 109, 120-21, 786 P.2d 265 (1990)).

[25] See Payne, 147 Wn. App. at 36.

this appeal, limited to the amount necessary to compensate it for any additional costs of defending in Washington, upon its compliance with RAP 18.1.

_Leach, C. J._

WE CONCUR:

_Jau, J._                    _Appelwick, J._