**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



ALLEN WISELEY, individually and on behalf of all others similarly situated,

Plaintiff-Appellant,

and

ANDREA FAGERSTROM,

Plaintiff,

v.

AMAZON.COM, INC., a Delaware Corporation,

Defendant-Appellee.

No.   15-56799

D.C. No.
3:15-cv-00096-BAS-DHB

MEMORANDUM[*]

Appeal from the United States District Court
for the Southern District of California
Cynthia A. Bashant, District Judge, Presiding

Argued and Submitted August 30, 2017
Pasadena, California

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before:  W. FLETCHER and IKUTA, Circuit Judges, and BARKER,[**] District Judge.

Allen Wiseley appeals from the district court's order granting Amazon's motion to compel arbitration.  We have jurisdiction under 9 U.S.C. § 16(a)(3).

The Conditions of Use (COU) created a valid contract between Amazon and its customers, as Wiseley conceded.  Applying California's approach to determining the enforceability of the choice-of-law provision in the COU, *see* Restatement (Second) of Conflict of Laws § 187(2)(b); *Nedlloyd Lines, B.V. v. Superior Court*, 3 Cal. 4th 459, 466 (1992), we conclude that Washington law applies here.  Wiseley fails to explain how California's consumer protection statutes are more protective than Washington's consumer protection statutes; rather, Washington's and California's consumer protection laws and protections against unconscionable contracts appear to be substantially similar.  *See Davis v. O'Melveny & Myers*, 485 F.3d 1066, 1079 n.6 (9th Cir. 2007), *overruling on other grounds recognized by Ferguson v. Corinthian Coll., Inc.*, 733 F.3d 928, 937 (9th Cir. 2013); *Al-Safin v. Circuit City Stores, Inc.*, 394 F.3d 1254, 1261 (9th Cir. 2005).  Therefore, applying Washington law is not contrary to a fundamental policy of California law.  While California's sliding-scale approach to

[**]    The Honorable Sarah Evans Barker, United States District Judge for the Southern District of Indiana, sitting by designation.

unconscionability, *see Baltazar v. Forever 21, Inc.*, 62 Cal. 4th 1237, 1243–44 (2016), might hypothetically invalidate some contracts that would be upheld under Washington's single-prong approach, *see Gandee v. LDL Freedom Enters. Inc.*, 176 Wash. 2d 598, 603 (2013), the reverse is also true.  Moreover, any distinction does not bear on this case, as we would reach the same result under California law.

While the COU are adhesive in nature, adhesion is insufficient to support a finding of procedural unconscionability under Washington law, *Zuver v. Airtouch Commc'ns, Inc.*, 153 Wash. 2d 293, 304 (2004), and creates only a minimal degree under California law.  *See Poublon v. C.H. Robinson Co.*, 846 F.3d 1251, 1261–62 (9th Cir. 2017); *Baltazar*, 62 Cal. 4th at 1245. No additional indicia of procedural unconscionability are present.

The notices on Amazon's checkout and account registration pages, which alerted Wiseley that clicking the corresponding action button constituted agreement to the hyperlinked COU, were in sufficient proximity to give him a "reasonable opportunity to understand" that he would be bound by additional terms.  *Zuver*, 153 Wash. 2d at 304 (quoting *Shroeder v. Fageol Motors, Inc.*, 86 Wash. 2d 256, 260 (1975)).  Wiseley conceded before the district court that there was sufficient notice to create a valid contract, and neither California nor Washington allows a party to escape contract obligations if it had actual or

constructive notice. *See Nguyen v. Barnes & Noble Inc.*, 763 F.3d 1171, 1176, 1179 (9th Cir. 2014) (applying California law); *W. Consultants, Inc. v. Davis*, 177 Wash. App. 33, 41 (2013).

There is no procedural unconscionability in the presentation of the arbitration clause itself, which appears in the same size font as the rest of the COU, with key terms bolded. *Sanchez v. Valencia Holding Co., LLC*, 61 Cal. 4th 899, 914 (2015) (explaining that any "obligation to highlight the arbitration clause of [the] contract . . . would be preempted by the [Federal Arbitration Act]").

Nor does the incorporation by reference of the American Arbitration Association's (AAA) rules create procedural unconscionability. *See Poublon*, 846 F.3d at 1262; *Baltazar*, 62 Cal. 4th at 1246; *cf. Woodward v. Emeritus Corp.*, 192 Wash. App. 584, 593, 595, 607 (2016) (holding that a similar provision referencing the AAA rules "effectively incorporates the Rules by reference"). Although Wiseley argues that it was unclear which rules would apply, he had a "reasonable opportunity to understand," *see Zuver*, 153 Wash. 2d at 304 (quoting *Shroeder*, 86 Wash. 2d at 260), that the Consumer Arbitration Rules would apply in the context of his consumer purchases, and he could call the provided phone number to resolve any lingering uncertainty. While the AAA renamed the Supplementary Procedures for Consumer-Related Disputes in 2014, this does not render the reference

4

ambiguous or misleading in the version of the COU that applied when Wiseley made his purchases in 2012 and 2013.

Wiseley's three arguments for substantive unconscionability also lack merit.[1] First, the unilateral modification clause does not render the arbitration provision substantively unconscionable because Amazon is limited by the implied covenant of good faith and fair dealing.[2] *See Tompkins v. 23andMe, Inc.*, 840 F.3d 1016, 1033 (9th Cir. 2016) (applying California law); *cf. Rekhter v. Dep't of Soc. & Health Servs.*, 180 Wash. 2d 102, 112–13 (2014) (holding that the duty of good faith limits a party's unilateral discretion to determine a contract term).

Second, the arbitration clause's exemption of intellectual property claims for injunctive relief does not make the provision overly harsh or one-sided. Under Washington law, a provision that "gives [one party] alone the option of requiring arbitration" is not substantively unconscionable, so whether one party is more likely to bring such claims is immaterial. *Satomi Owners Ass'n v. Satomi, LLC*, 167 Wash. 2d 781, 815–16 (2009). Even if Amazon is more likely to bring

---

[1]Because Wiseley has shown only a minimal degree of procedural unconscionability under California law, a high degree of substantive unconscionability is required under the sliding-scale approach. *See Poublon*, 846 F.3d at 1263.

[2]Since the enforceability of provisions outside the arbitration clause is a question for the arbitrator, we address unilateral modification only as it applies to the arbitration clause. *Tompkins*, 840 F.3d at 1032.

intellectual property claims than its consumers, California law grants Amazon "an extra 'margin of safety' based on legitimate business needs." *See Tompkins*, 840 F.3d at 1031 (quoting *Baltazar*, 62 Cal. 4th at 1250).

Finally, the attorneys' fees provision does not create substantive unconscionability because it mirrors Washington's statutory right to attorneys' fees for frivolous claims. Wash. Rev. Code § 4.84.185. To the extent the provision is unilateral, Washington law automatically converts it to a bilateral provision that would afford Wiseley the same right. *See id.* § 4.84.330; *McKee v. AT & T Corp.*, 164 Wash. 2d 372, 400 (2008). The fees provision also complies with California law, which permits Amazon to seek fees as a sanction for frivolous claims. *See Poublon*, 846 F.3d at 1268. Further, Wiseley has not shown that the overall arbitration fee scheme "would be unaffordable or would have a substantial deterrent effect in [his] case." *Sanchez*, 61 Cal. 4th at 920 (2015).

**AFFIRMED.**